UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| IRENE BARRERAS, | Case No. C 12-4474 (PJH) |
| Plaintiff, | **ORDER RE: JOINT DISCOVERY LETTER DATED MARCH 31, 2015** |
| v. | [Re: ECF No. 45] |
| MICHAELS STORES, INC., | |
| Defendant. | |

**INTRODUCTION**

In this putative class action, Plaintiff Irene Barreras sued her former employer, Defendant Michaels Stores, Inc., on behalf of herself and all others similarly situated, for disability discrimination under various California employment laws. The parties filed a joint letter regarding a discovery dispute. The district court referred the dispute to the undersigned for resolution. The court held a telephonic hearing on April 23, 2015. (4/23/15 Minute Order, ECF No. 51.[1]) Upon consideration of the parties' letter and relevant authorities, the court **ORDERS** Michaels to produce the requested identities and contact information of putative class members subject to the limitation and opt-out procedure discussed below.

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of documents.

**STATEMENT**

Ms. Barreras was employed by Michaels from September 28, 2008 to September 17, 2010. (First Amended Complaint ("FAC"), ECF No.18 at 3.) Her employment ended when she received a letter from Michaels in response to her request for a medical leave of absence. (First Discovery Letter Brief ("FDLB"), ECF No. 45, Exh. A.) This letter explained that because Ms. Barreras was unable to return to work, her employment at Michaels was terminated as of the date the letter was sent. (*Id.*)

Ms. Barreras asserts that Michaels violated California employment laws by maintaining and enforcing a policy of: (1) wrongfully terminating the employment of class members due to their actual and perceived disabilities; (2) failing to offer reasonable accommodations for actual and perceived disabilities; and (3) failing to engage in a good-faith interactive process to determine what reasonable accommodations could be provided. (Joint Case Management Statement, ECF No. 26 at 3.)

The First Amended Complaint has the following allegations about the class definition:

> The named individual Plaintiff seeks class certification, pursuant to Rule 23 of the Federal Rules of Civil Procedure, of a class of all retail store employees of Defendants who were employed by Defendant at any time between the period of time from July 24, 2008, to the present, and who sought medical leave(s), but were subsequently denied such leave(s) without any interactive process and were ultimately terminated as a result thereof. The Class consists of the following subclasses:
>
> a. All current and former employees of Defendants who worked for Defendants during the period of time from July 24, 2008, to the present, who . . . requested medical leaves of absence, but were denied such requested leaves based on Defendants' policy to offer a three-month unpaid medical leave only to employees who met certain qualifications;
>
> b. All current and former employees of Defendants who worked for Defendants during the period of time from July 24, 2008, to the present, with whom Defendants refused to engage in a good faith interactive process to accommodate their requests for leaves of absence because Defendants strictly adhered to their policy to offer a three-month unpaid medical leave only to employees who were eligible for such leaves under Defendants' policy;
>
> c. All current and former employees of Defendants who worked for Defendants at any time from July 24, 2008, to the present, and who received letters similar to the letter received by Plaintiff, attached hereto as Exhibit "A."

(FAC, ECF No. 18 at 5.)

1  Ms. Barreras alleges that she meets the requirements for class certification under Federal Rule
2  of Civil Procedure 23(a). She alleges that the class members are "readily ascertainable by review
3  of Defendants' records." (*Id.* at 6.) She alleges that the class members "are so numerous that
4  joinder of all members would be impractical, if not impossible." (*Id.*) She alleges that there are
5  predominant common questions of law and fact because Michaels had a "class-wide practice of
6  applying an unlawful policy." (*Id.* at 7.) She alleges that her complaints are typical of the
7  complaints of all class members. (*Id.* at 7-8.) She alleges that she is an adequate class
8  representative. (*Id.* at 6.)

9  This brings us to the present discovery dispute.  On October 21, 2013, Michaels objected to an
10 interrogatory from Ms. Barreras seeking the names, addresses, and telephone numbers of "all
11 California employees to whom MICHAELS sent a letter similar to the letter [received by Ms.
12 Barreras] regarding termination of employment" during the proposed class period.  (FDLB, ECF
13 No. 45 at 14-16.)  Ms. Barreras filed a motion to compel Michaels to provide her with the contact
14 information of the putative class members.  (Motion to Compel, ECF No. 42.)  The district court
15 referred the dispute to the undersigned for resolution.  (Order of Reference, ECF No. 43.)  The
16 undersigned denied the motion and ordered the parties to submit a joint discovery letter.  (Order
17 Denying the Motion to Compel, ECF No. 44.)  The parties did so on March 31, 2015.  (FDLB,
18 ECF No. 45.)

19 In the parties' letter, Michaels objects to the requested discovery because Ms. Barreras is
20 required and has not been able to either make a *prima facie* showing that the class-action
21 requirements are satisfied or show that the discovery sought is likely to substantiate the class
22 allegations.  (*Id.* at 4.) Michaels also argues that the request is overbroad. (*Id.* at 5-6.)

23                                               **ANALYSIS**

24 **I. LEGAL STANDARD**

25  Pursuant to Rule 23, a member of a class may sue on behalf of all members only if: "(1) the
26 class is so numerous that joinder of all members is impracticable; (2) there are questions of law or
27 fact common to the class; (3) the claims or defenses of the representative parties are typical of the
28 claims or defenses of the class; and (4) the representative parties will fairly and adequately protect

1  the interests of the class." Fed. R. Civ. P. 23(a).  The Supreme Court has insisted that the court's
2  class-certification analysis must be "rigorous" and may "entail some overlap with the merits of
3  the plaintiff's underlying claim," *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011);
4  however, "[m]erits questions may be considered to the extent — but only to the extent — that
5  they are relevant to determining whether the Rule 23 prerequisites for class certification are
6  satisfied," *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1195 (2013).
7     Prior to class certification under Rule 23, discovery lies entirely within the discretion of the
8  court. *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("Our
9  cases stand for the unremarkable proposition that often the pleadings alone will not resolve the
10 question of class certification and that some discovery will be warranted."). In its exercise of that
11 discretion, the court may require the plaintiff *either* to make a *prima facie* showing that the Rule
12 23 class-action requirements are satisfied, *or* to show "that discovery is likely to produce
13 substantiation of the class allegations." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985).
14 "[T]he need for discovery, the time required, and the probability of discovery providing necessary
15 factual information" are also relevant factors "bearing on the correctness of the trial court's
16 exercise of its discretion." *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977)
17 (citing *Kamm v. California City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975) (discovery is likely
18 warranted where it will resolve factual issues necessary for the determination of whether the
19 action may be maintained as a class action, such as whether a class or subclasses exist)). Indeed,
20 to deny discovery where it is necessary to determine the existence of a class or set of subclasses
21 would be an abuse of discretion. *Kamm*, 509 F.2d at 210. This is why "[t]he better and more
22 advisable practice for a District Court to follow is to afford the litigants an opportunity to present
23 evidence as to whether a class action [is] maintainable." *Doninger*, 564 F.2d at 1313. "And, the
24 necessary antecedent to the presentation of evidence is, in most cases, enough discovery to obtain
25 the material, especially when the information is within the sole possession of the defendant." *Id.*
26 **II. APPLICATION**
27    Michaels argues that the court cannot allow the discovery requested here because, under
28 *Mantolete*, *supra*, "pre-certification class discovery is prohibited until the Plaintiff has presented

1 evidence showing that the class-action requirements are satisfied or that the discovery is likely to
2 produce substantiation of the class allegations." (FDLB, ECF No. 45 at 4.) But this is a
3 misreading of *Mantolete*. There, the court said only that "[a]bsent such a showing, a trial court's
4 refusal to allow class discovery is not an abuse of discretion." *Mantolete*, 767 F.2d at 1424. This
5 does not mean that, absent such a showing, it would be an abuse of discretion to *allow* class
6 discovery. As discussed above, pre-certification discovery is largely within the discretion of the
7 trial court, and *Mantolete* does not change that fact or limit the court's discretion even where no
8 *prima facie* or substantiation showing has been made.

9     Denial of the requested discovery is therefore not mandated by *Mantolete*, and the court notes
10 that numerous courts in this District have made clear that the disclosure of class members' contact
11 information is a common practice in the pre-certification context. *See Stokes v. Interline Brands*
12 *Inc.*, No. C-12-05527 JSW (DMR), 2013 WL 4081867, at *2-3 (N.D. Cal. Aug. 9, 2013);
13 *Benedict v. Hewlett-Packard Co.*, No. 13-CV-0119-LHK, 2013 WL 3215186, at *2 (N.D. Cal.
14 June 25, 2013); *Willner v. Manpower, Inc.*, No. C 11-2846 JSW (MEJ), 2012 WL 4902994, at
15 *5-6 (N.D. Cal. Oct. 16, 2012); *Algee v. Nordstrom, Inc.*, No. C 11-301 CW (MEJ), 2012 WL
16 1575314, at *4-5 (N.D. Cal. May 3, 2012); *Artis v. Deere & Co.*, 276 F.R.D. 348, 352 (N.D. Cal.
17 2011); *Currie-White v. Blockbuster, Inc.*, No. C 09-2593 MMC (MEJ), 2010 WL 1526314, at
18 *3-4 (N.D. Cal. Apr. 15, 2010); *Khalilpour v. Cellco P'ship*, No. C09-02712 CW (MEJ), 2010
19 WL 1267749, at *2 (N.D. Cal. Apr. 1, 2010).

20     Additionally, the court finds that Ms. Barreras in fact has made a *prima facie* showing that the
21 class-action requirements of Rule 23 are met, at least for the purposes of pre-certification
22 discovery. As described above, she alleges that: (1) the class members are so numerous that
23 joinder of all members would be impractical, if not impossible; (2) her claims are typical of the
24 Proposed Class members' claims because their claims arise from the same company policy; (3)
25 common questions of law and fact exist and predominate over any questions affecting individual
26 members; and (4) she is an adequate representative. (FAC, ECF No. 18 at 5-8.)  Michaels argues
27 that Ms. Barreras must "demonstrate some *evidentiary* basis showing that the class-action
28 requirements are met," but offers no caselaw to support this claim.  (FDLB, ECF No. 45 at 5.)

This assertion is contrary to many of the cases cited above, where courts have relied on the plaintiff's reasonable allegations for finding a *prima facie* showing, rather than demanding supporting evidence. *See Algee, supra* (explaining that "for purposes of establishing a *prima facie* case at this early stage in the litigation, Plaintiff's allegations" are sufficient); *Willner, supra* (finding Defendant's argument that "Plaintiff lacks evidentiary support for her claims" to be premature).

Michaels also argues that the requested discovery will "reveal confidential medical information about these individuals — namely, that they requested statutory leave of absence for personal reasons." (FDLB, ECF No. 45 at 6.) This argument is unpersuasive. When an employer makes a privacy objection to requested discovery on behalf of its employees, a court "must balance the party's need for the information against the individual's privacy right in his or her employment files." *Tierno v. Rite Aid Corp.*, No. C 05-02520 THE, 2008 WL 3287035, at *3 (N.D. Cal. July 31, 2008). The factors to be considered in evaluating such an objection were outlined by the California Supreme Court in *Pioneer Electronics, Inc. v. Superior Court*, 40 Cal.4th 360, 370-73, 53 Cal. Rptr. 3d 513, 150 P.3d 198 (2007), and summarized in *Tierno v. Rite Aid Corp.*, No. C 05-02520 THE, 2008 WL 3287035, at *3 (N.D. Cal. July 31, 2008):

> [F]irst, the claimant must have a "legally protected privacy interest," such as an interest in precluding dissemination of sensitive information or in making intimate personal decisions without outside intrusion; second, the claimant must have a "reasonable expectation of privacy" founded on broadly based community norms; third, the invasion of privacy must be "serious"; and fourth, the privacy interest must outweigh the countervailing interests, such as discovery rights.

Here, Michaels' current and former employees could reasonably expect that their employment files regarding leave-of-absence requests would remain private; they thus have a corollary interest in preventing the dissemination of that information. Nonetheless, the intrusion here is minimal. All that will be revealed is that the individuals sought a medical leave of absence. The condition that prompted them to do so will not be disclosed. Additionally, the countervailing interests are significant. Denying the requested discovery would essentially conclude Ms. Barreras's class claims before she has had any real chance to pursue them. It would be a kind of merits determination through the side door. Finally, the opt-out method that will be used here, discussed

1  below, will allow individuals to refuse to have their contact information disclosed, should any of
2  them be particularly concerned about the revelation that they requested a medical leave of
3  absence. *See Belaire-W. Landscape, Inc. v. Superior Court*, 149 Cal. App. 4th 554, 557 (2007).
4      Michaels argues in a footnote that the discovery request is vague and ambiguous because it
5  seeks information about individuals who received a letter "similar to" the letter Ms. Barreras
6  received informing her of her termination. (FDLB, ECF No. 45 at 5, Fn. 3.)  This argument is not
7  explained in any detail in the letter. Michaels explained the issue more at the hearing: the gist of it
8  is that different template letters exist, and not all implicate medical leaves of absence based on an
9  employee's own serious health condition (an issue discussed below). Also, certain medical issues
10 such as pregnancy leave are governed by a different regulatory context. Michaels does not
11 propose any means by which this issue might be rectified. To the extent that this is an overbreadth
12 issue, the court addresses it below. To the extent this is an argument that the letters are an
13 imperfect way of gleaning class members, the court's view is that disclosing the contact
14 information is the only way.  As the court understands the request, Ms. Barreras seeks contact
15 information for individuals who received letters terminating their employment and mentioning, or
16 issued in response to, a request for a medical leave of absence.  The court is confident that this
17 request is clear enough for Michaels to respond to.  The volume (at least by reference to the letter
18 brief and the errata clarifying that the class list is 253 individuals) is not so substantial that it
19 poses a burden. (*See* Notice of Errata, ECF No. 46.)
20     Michaels also argues that Ms. Barreras's discovery request is overbroad in that it will include
21 people who are not putative class members. (FDLB, ECF No. 45 at 6.) Ms. Barreras seeks contact
22 information for "all California employees to whom MICHAELS sent a letter similar to the letter
23 [received by Ms. Barreras] regarding termination of employment" during the proposed class
24 period. (*Id.* at 14-16.)  This is congruous with the proposed subclass of "[a]ll current and former
25 employees of Defendants who worked for Defendants at any time from July 24, 2008, to the
26 present, and who received letters similar to the letter received by Plaintiff."  (FAC, ECF No. 18 at
27 6.)  Thus all the contact information that Michaels would provide would be for people in at least
28 that proposed subclass and the request is not, in that regard, overbroad.

ORDER (C 12-4774 PJH (LB))

1    Nonetheless, Michaels' concern about overbreadth is, in another regard, legitimate. Some
2 people who received a letter similar to the one received by Ms. Barreras had requested a leave of
3 absence due to the birth of a child, a serious health condition affecting their spouse, child, or
4 parent, or exigencies related to the National Guard membership of their spouse, child, or parent.
5 (FDLB, ECF No. 45, Exh. A.)  Michaels' treatment of these people was neither due to any actual
6 disability of theirs nor to Michaels' belief that they had a disability.  There is thus no basis for
7 alleging disability discrimination.  The requested discovery, therefore, must be limited to those
8 individuals who received a letter similar to that received by Ms. Barreras where the letter related
9 to *their own* serious health conditions.  At the hearing, Michaels also said that pregnancy-related
10 leave is different and should be excluded, but the court cannot conclude on this record that
11 pregnancy should be categorically excluded. As the court said at the hearing, it could be coupled
12 with a serious health condition. Also, the combination of the *Belaire* notice and (perhaps) a
13 protective order can guard against any concerns of over-inclusive discovery. The volume (on this
14 record) does not suggest a burden. And the court can not discern any way of getting at the
15 relevant discovery other than through this process. In the end, Michaels' objections may be
16 objections to who really is in the class, but it should not stop the discovery.  This is not to say that
17 the court is unsympathetic to Michaels' counsel's representations at the hearing that getting at the
18 class discovery is thornier than the mere production of "similar letters." But again, there is not
19 any other readily discernable way of producing the discovery, and class-certification deadlines
20 loom.
21   In their letter, the parties agree that Michaels' response to this discovery request should occur
22 through the opt-out procedure used in *Belaire-W. Landscape, Inc. v. Superior Court*, 149 Cal.
23 App. 4th 554, 557 (2007). (FDLB, ECF No. 45 at 1.) The court agrees that this opt-out method is
24 appropriate.  Michaels shall therefore provide putative class members with notice of this action
25 and this discovery request and an opportunity to prevent the disclosure of their contact
26 information. At the hearing, Michaels argued for the first time that an opt-in process would be a
27 better approach. Plaintiff's counsel responded that the case law and this case's facts do not
28 support that approach. As the court said at the hearing, it is ordering the opt-out *Belaire* method,

1  and Michaels may raise any issue that it wants via the letter-brief process. The court also
2  observed that perhaps the better approach is to approach the client with order in hand, and then
3  work through discovery as an iterative process as a way of getting at the class discovery that
4  Plaintiff needs for the class certification motion.

5  One other issue is that in the discovery letter, neither party seeks a protective order, but Ms.
6  Barreras does mention that one could provide further protection of any privacy concerns.  The
7  court directs the party to discuss this option to protect privacy concerns regarding the contact
8  information.

9  As to the timing of the production, the parties mentioned the timing (and recent postponement)
10 of certain depositions and their intent to seek a further modification of their case dates. As part of
11 their scheduling process, the court directs the parties to discuss the timing of the productions and
12 raise any disputes or case management issues with the court via the joint letter process. The court
13 is willing to help with any case-management aspects of identifying where the class discovery is
14 and managing its production.

## CONCLUSION

16 Michaels must produce the identities and contact information, including names, addresses, and
17 telephone numbers, of all its California employees to whom it sent a letter similar to the letter
18 received by Ms. Barreras regarding termination of their employment, due to their own serious
19 health condition, at any time between July 24, 2008 through the present.

20 This disposes of ECF No. 45.

21 **IT IS SO ORDERED.**

22 Dated: April 24, 2015

_____
LAUREL BEELER
United States Magistrate Judge